IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01450-WJM-KLM

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RONALD ROY HOODENPYLE,

      Defendant.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Plaintiff's **Motion to Stay Discovery** [Docket No. 21; Filed October 16, 2012] (the "Motion").  Plaintiff asks the Court to stay discovery pending resolution of its Petition for Order to Show Cause Under C.R.S. § 38-35-204(1) and 28 U.S.C. § 2201 [#20] (the "Petition"), which was filed on October 16, 2012. Defendant has not filed a Response to either the Motion or the Petition.  For the reasons stated below, the Court **DENIES** the Motion.[1]

      This Court has long noted that the Federal Rules of Civil Procedure do not explicitly provide for a stay of proceedings in a lawsuit. *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02-cv-01934-LTB-PAC, 2006 WL 894955 (D. Colo. Mar. 30, 2006).  However, the Court has construed Fed. R. Civ. P. 26(c) to permit a stay of *discovery* "for good cause, to protect a party from undue burden or expense," especially when dispositive motions are

_____

[1]  The Court may rule on a motion at any time after it is filed.  D.C.COLO.LCivR 7.1C.

pending.  *Id.*  The party who seeks a stay of discovery has the burden of demonstrating good cause, and "cannot sustain that burden by offering simply conclusory statements." *Tr. of Springs Transit Co. Emp.'s Ret. and Disability Plan v. City of Colorado Springs,* No. 09-cv-02842-WYD-CBS, 2010 WL 1904509, at *4 (D. Colo. May 11, 2010).  Generally, the Court requires a "particular and specific demonstration of fact" in support of a request for a stay.  *Id.*; *see also Christou v. Beatport, LLC*, No. 10-cv-02912-CMA-KMT, 2011 WL 650377, at *1 (D. Colo. Feb. 10, 2011).  In the context of ruling on a motion to stay, the Tenth Circuit Court of Appeals stated almost thirty years ago that "the right to proceed in court should not be denied except under the most extreme circumstances."  *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.,* 713 F.2d 1477, 1484 (10th Cir. 1983).  Hence, it has long been recognized that stays are generally disfavored in this district, although the decision to grant or deny them invokes the discretion of the Court under the circumstances at issue.  *See, e.g., id.*

Plaintiff avers that resolution of the Petition and requested order to show cause is likely to be dispositive.  *Motion* [#21] at 3.  Precedent amply demonstrates that the Court has broad discretion to stay an action when a dispositive motion is pending.  *String Cheese Incident, LLC,* 2006 WL 894955 at *2 (finding that a thirty-day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending). Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8 Charles Allen Wright et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *see also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.,*

200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D. Fla. 2003) (holding that a stay is appropriate if "resolution of a preliminary motion may dispose of the entire action").

Finally, the factors to be applied by the Court in determining the propriety of a stay are: (1) Plaintiff's interests in proceeding expeditiously with the action and the potential prejudice to Plaintiff resulting from a delay; (2) the burden on Defendant; (3) the convenience to the Court; (4) the interests of persons not parties to the litigation; and (5) the public interest. *String Cheese Incident, LLC*, 2006 WL 894955 at *2.

### 1. Plaintiff's Interests

Plaintiff seeks a stay in this matter and, consequently, concedes that a stay would not be prejudicial to its interests. In fact, Plaintiff argues that failing to impose a stay would only make it expend unnecessary resources in a case in which Defendant "has filed only nonsensical documents . . . and has not responded to any of undersigned counsel's attempts to contact him." *Motion* [#21] at 2. This factor therefore weighs in favor of the imposition of a stay.

### 2. Defendant's Burden

This issue concerns whether Defendant will be unfairly burdened if discovery proceeds before a ruling is issued on the pending dispositive motion. *See, e.g., String Cheese Incident, LLC*, 2006 WL 894955 at *2 ("defendants, however, also would undoubtedly be prejudiced if they were forced to engage in discovery if the court eventually granted their motion to dismiss"). The Court is not inclined to prejudge the merits of the dispositive motion; however, the Court recognizes that proceeding with discovery would be

wasteful should the Petition and requested order to show cause be resolved in Plaintiff's favor.  Thus, this factor weighs in favor of imposing a stay.

### 3.  Convenience to the Court

Entry of a stay may cause significant delay of the resolution of this matter, which in turn makes the Court's docket less predictable and less manageable.  Moreover, the District Judge discourages litigation strategy or conduct that results in delaying the progress of litigation, including the filing of motions for extensions of time, motions for continuances of hearings, and dispositive motions generally.  *See* WJM Practice Standards §§ II.D, III.D, III.E  (Nov. 1, 2011).  This factor weighs against the entry of a stay.

### 4.  Interest of Non-Parties

The Court finds that this factor does not weigh in favor of or against imposition of a stay, as it is impossible to predict the effect of a stay on any non-parties at this time.

### 5.  The Public Interest

The public interest at stake here is the same interest underlying all lawsuits: that they be resolved as fairly and quickly as possible.  In light of the issues outlined above, the Court finds that considerations of fairness and timeliness will not be advanced by imposition of a stay.  Hence, this factor weighs against entry of a stay.

Finally, Plaintiff's Motion is premature.  Fed. R. Civ. P. 26(d)(1) precludes discovery until the parties have conferred as required by Rule 26(f).  There is no indication that the Rule 26(f) conference has taken place.  In addition, the strong presumption against stays, as well as application of the *String Cheese* factors, results in the conclusion that an imposition of a stay of discovery is not justified in this case.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#21] is **DENIED**.[2]

Dated:  November 26, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[2]  The Scheduling Conference in his matter is currently set for February 6, 2013 at 11:00 a.m. [#25].  Nothing in this Order prevents either party from seeking to continue the Scheduling Conference if the circumstances of this case closer to the date scheduled for the hearing warrant a continuance.