IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01450-WJM-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RONALD ROY HOODENPYLE,

    Defendant.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Meeting with D.O.J. Attorney Angela Schmitz** [Docket No. 38; Filed March 28, 2013] (the "Motion") and on Defendant's **Judicial Notice to Show Cause Hearing and Defendants Response** [sic] [Docket No. 41; Filed April 12, 2013] (the "Response"). The Motion [#38] was ruled on by the Court on April 2, 2013. *Minute Order* [#40]. A Show Cause Hearing is presently set for April 25, 2013, for reasons explained below.

Defendant is incarcerated and proceeds in this matter as a *pro se* litigant. Throughout the course of this litigation, the Court has attempted to decipher Defendant's often incomprehensible filings. *See, e.g.*, *Notice of Removal* [#8] (interpreted as indicating a desire to remove the case to the Southern District of Alabama); *In Admiralty, Order to Set for Trial by Jury* [#13] (interpreted as a request to set a jury trial on this matter in the District of Minnesota). Many of Defendant's filings have been "verbose, redundant, ungrammatical,

or unintelligible." See D.C.COLO.LCivR 7.1H. The Court is mindful that it must construe the filings of a *pro se* litigant liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Motion [#38] and Response [#41] at issue here are among the most lucid of any documents submitted by Defendant in this entire matter. These filings reflect a strong desire by Defendant to lay this lawsuit to rest. Thus, as it must, the Court has liberally construed Defendant's filings [#38, #41], finding that they concede to Plaintiff's requested relief and, ultimately, that Defendant seeks to confess judgment and bring this action to a conclusion.

The Complaint contains two claims for relief. First, Plaintiff asks that the liens recorded against certain federal employee be declared invalid and expunged. *Compl.* [#1] at 4-6. Second, Plaintiff seeks an order permanently enjoining Defendant "from filing or recording, or causing to be filed or recorded, any document or instrument that purports to be a lien against the property of any federal employee or official without leave of the Court . . . ." *Id.* at 6-7. In the Motion [#38] and Response [#41], Defendant appears to capitulate to both of these requests made by Plaintiff in the Complaint [#1].

Based on the underlying Complaint, on October 16, 2012, Plaintiff sought an order to show cause from the Court pursuant to C.R.S. § 38-35-204(1) and 28 U.S.C. § 2201, the Declaratory Judgment Act, as to why allegedly spurious liens filed against certain federal employees should not be declared invalid. *Motion* [#20] at 1. In short, Plaintiff alleged that between March 12, 2008 and March 2, 2010, "Defendant filed multiple documents with Colorado counties and the Colorado Secretary of State's office claiming various interests in the property of government officials." *Id.* at 1 (citing Exs. A, B, and D). Plaintiff further alleged that none of the federal employees against whom these liens were asserted was

-2-

indebted to Defendant in any way. *Id.* at 2. The Court granted Plaintiff's Petition for Order to Show Cause [#28] and ordered Plaintiff to show cause why the liens and/or documents he recorded against Michael Pryor, Michael Astrue, Stephen Breen, David M. Gaouette, Matthew T. Kirsch, Eric Holder, Eric Thorsen, and William Frankel should not be declared invalid and why other relief provided for in C.R.S. § 38-35-204 should not be granted [#29]. *See* C.R.S. § 38-335-204(1)(a). The Court set a Show Cause Hearing to allow presentation of evidence regarding the validity of the lien documents.

The instant Response [#41] is, in essence, a belated Response to the Orders to Show Cause [#29, #30] issued by the Court on January 15, 2013 and on February 1, 2013. In the Response, Defendant "give[s his] permission to grant the striking and removal of these Documents in this case." In other words, Defendant does not contest that the liens listed in Exhibits A and B of the Complaint [#1-1, #1-2] should be declared invalid and expunged. Thus, the Show Cause Hearing set for April 25, 2013 appears to be moot. In light of Defendant's request in the Response [#41] to strike the relevant documents and liens on the above-named individuals, the Court **recommends** that judgment be entered in favor of Plaintiff on Plaintiff's first cause of action and that an order be issued declaring such liens to be invalid and expunged by the Colorado Secretary of State's Office. *See Compl.* [31] at 4-7.

Plaintiff's second cause of action seeks a permanent injunction against Defendant "from filing or recording, or causing to be filed or recorded, any document or instrument that purports to be a lien against the property of any federal employee or official without leave of the Court . . . ." *Id.* at 6-7. In the Motion [#38], Defendant pledges that, "[U]pon my release, there [will] never be any involvement in filing on any Federal Agency, agents,

person[ne]l or be involved in any person, groups, or organizations [sic]." Defendant further states that he expects his averments could "resolve this coming case before my time to submit any required documents." *Motion* [#38]. The Court interprets this language as conceding to Plaintiff's request for a permanent injunction. Accordingly, the Court **recommends** that judgment be entered in favor of Plaintiff on Plaintiff's second cause of action and that a permanent injunction be issued enjoining Defendant "from filing or recording, or causing to be filed or recorded, any document or instrument that purports to be a lien against the property of any federal employee or official without leave of the Court."

Accordingly,

IT IS HEREBY **ORDERED** that the Show Cause Hearing set for April 25, 2013 at 2:00 p.m. is **VACATED**.

IT IS RESPECTFULLY **RECOMMENDED** that judgment be entered in favor of Plaintiff on both of Plaintiff's causes of action and that relief issue as outlined above and as requested in the Complaint [#1].

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this

Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated April 16, 2013, at Denver, Colorado.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge